**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**OSCAR WILLIAMS,**

                                               **CASE NO.:**

**Plaintiff,**

**vs.**

**NPC INTERNATIONAL, INC.,**
**d/b/a PIZZA HUT,**
**a Foreign Profit Corporation,**

**Defendant.**
_____/

**COMPLAINT & JURY DEMAND**

Plaintiff, OSCAR WILLIAMS, by his undersigned attorneys, alleges, with personal knowledge as to his own actions, as follows:

**NATURE OF THE ACTION**

1. This action seeks to redress Defendant, NPC INTERNATIONAL, INC.'S, systematic policy and practice of paying its delivery drivers hourly wages that are well below those required by the Florida Constitution and violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Defendant operates multiple Pizza Hut pizza chain stores in Florida.

3. Mr. Williams worked for Defendant beginning in 2017.

4. The Florida Constitution provides that "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Art. X., § 24(a), Fla. Const. As the courts have long recognized, denying employees the minimum wage "is

an abuse which springs from [an employer's] selfish disregard of the public interest." W. Coast Hotel Co. v. Parrish, 300 U.S. 379, 400, 57 S. Ct. 578, 585, 81 L. Ed. 703 (1937). Unfortunately, Defendant has refused to pay Mr. Williams the minimum wage mandated by Florida law, preferring instead to selfishly pocket excess profits rather than to fairly pay its employees.

5. The Florida Constitution requires that employers provide their employees with sufficient reimbursements for employment-related expenses to ensure that employees' hourly wages equal or exceed the minimum wage after employment-related expenses ("kickbacks") are counted against the hourly wages.

6. However, Defendant paid its delivery drivers, including Plaintiff, an hourly wage equal to or very near the minimum wage and then under-reimbursed the delivery drivers for vehicular wear and tear, gas and other driving-related expenses, thereby ensuring that Mr. Williams was effectively paid well below the minimum wage.

7. Indeed, Defendant has long been on notice that the wages paid to similar delivery drivers violated the minimum wage law because many courts have recognized that pizza companies and affiliates with identical or similar policies under-reimburse their delivery drivers, thereby violating state and federal minimum wage laws. *See, e.g., Castillo et al. v. Pizza Hut, Inc. et al.*, No. BC318765, (Super. Ct. L.A. Cty., Oct. 18, 2006) (approving a $5.1 million settlement on behalf of under-reimbursed Pizza Hut delivery drivers in California); *Bodon v. Domino's, Int'l.*, LLC, 09-cv-02941 (E.D.N.Y. Feb. 11, 2015) (litigation filed in 2010 on behalf of under-reimbursed delivery drivers that survived a motion to dismiss and recently settled for $6.6 million). Through this action, Mr. Williams seeks to redress Defendant's failure to pay him the minimum wage to which he is lawfully entitled.

## JURISDICTION AND VENUE

8. This action arises under the Florida Constitution and the FLSA, 29 U.S.C. §210, et. seq. 29 U.S.C. §216(b). Therefore, the Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

9. Defendant is foreign profit corporation which operates Pizza Hut locations in St. Johns County, Florida and throughout the country.

10. Defendant operates approximately thirty-nine (39) pizza chain stores in and around St. Augustine, Florida.

11. Accordingly, venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2) and 28 U.S.C. §1391.

## PARTIES AND COVERAGE

12. Plaintiff has worked for Defendants as a delivery driver since March 2017.

13. Plaintiff worked for Defendant at three of its St. Augustine, Florida locations.

14. During the last five (5) years, Defendant was subject to Florida minimum wage laws.

15. At all times material hereto (2016-19), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

17. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

19. Based upon information and belief, the annual gross revenue of Defendant, individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

20. At all material times relevant to this action (2016-19), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e. mechanical equipment, telephones, computers, pens, and paper).

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

22. Defendants had the responsibility to maintain employment records as they pertained to the FLSA.

23. Therefore, Defendant is a covered enterprise as defined and incorporated into the FLSA and Florida Constitution.

## STATEMENT OF THE FACTS

### Background

24. The primary function of Defendant's Pizza Hut restaurants is to sell pizza and other foods and beverages.

25. Defendants employ delivery drivers, including Plaintiff, all of whom have the same job duty: to deliver pizzas and other food and beverages to customers.

26. Plaintiff worked inside the restaurant when he was not delivering pizzas and other food and beverages.

27. Plaintiff was paid $5.00 per hour.

**Defendant's Policy of Systematically Under-Reimbursing Delivery Drivers**

28. Defendant requires their delivery drivers, such as Plaintiff, to maintain and pay for their own safe, legally-operable, and insured automobiles, which they are required to use when performing their duties as delivery drivers.

29. Plaintiff incurred costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, elevated automobile insurance, and depreciation (collectively, "vehicular expenses") while delivering food and beverages for the primary benefit of Defendant.

30. Defendant does not track the vehicular expenses incurred by Plaintiff.

31. Since 2017, Defendant reimbursed Plaintiff at a rate of approximately $.20 per mile per delivery.

32. The IRS reimbursement rate in 2017 was $.535 per mile.

33. Reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association, have determined that the average cost of owning and operating a vehicle ranged between $.585 and $.75 per mile from 2011 to present.

34. The above-referenced mileage reimbursement rates represent a reasonable approximation of a monetary average per mile that is lower than the actual cost incurred by delivery drivers.

35. Delivery drivers incur higher expenses than other business drivers because their profession often requires them to drive more than 100 miles per night, to frequently navigate in start and stop traffic, to often engage in city driving, to drive to and from locations on tight schedules, and to drive during late hours and in inclement weather. As a result, delivery drivers' vehicles are subjected to more frequent routine maintenance costs, higher costs due to repairs

associated with driving, lower gas mileage, and more rapid depreciation because of the frequency and manner with which they are driven.

36. Insurance providers recognize the relative hazards of working as a pizza delivery driver. Not surprisingly, pizza delivery drivers pay significantly higher automobile insurance rates than do regular drivers, and some pizza companies even provide their drivers with automobile insurance coverage. *See* http://www.insureme.com/auto-insurance/insurance-for-delivery-drivers. Defendant does not provide insurance for its drivers.

37. Based on the miles he drove, and vehicle expenses he occurred, Plaintiff's costs of operating his vehicles greatly exceed the $.20 cents per mile he was paid as reimbursement.

38. The overall depreciation and wear-and-tear on vehicle parts that have not yet manifested in larger repairs on Plaintiff's vehicles, coupled with the cost of insurance, increase the cost per mile of operating these vehicles over and above the $.20 cents per mile paid and are sufficient to place the cost of owning and operating these vehicles for Defendant's benefit within or above the range found by the IRS.

39. The IRS rate represents a reasonable low-end approximation of the cost of owning and operating a vehicle to deliver pizzas and other food and beverages.

40. Defendant's delivery drivers typically drove at least 8 miles per roundtrip delivery (and even more in some instances).

41. Regardless, the reimbursement paid when compared to the vehicle expenses incurred by Plaintiff was well below an amount which sufficiently would have reimbursed him for his costs incurred.

42. Plaintiff was paid very near the tipped minimum wage for all time he spent on the road as a delivery driver. Because Defendant paid close to the minimum wage, it was legally

obligated to fully reimburse Plaintiff for the full amount of his driving expenses. However, Defendant failed to fully reimburse Plaintiff for the full amount of his driving expenses, thus forcing his total compensation far below the minimum.

43. Defendant's systematic failure to adequately reimburse Plaintiff for his automobile expenses constitutes a kickback to Defendant, such that the hourly wages it pays and has paid to Plaintiff are not paid free and clear of all outstanding obligations to Defendant.

44. Defendant's reimbursement rate does not reasonably reimburse Plaintiff for his out-of-pocket expenses, much less other costs he incurs to own and operate his vehicle, and thus uniformly fails to reimburse Plaintiff at any reasonable approximation of the cost of owning and operating his vehicle for Defendant's benefit.

45. On September 25, 2019, Plaintiff, through counsel, mailed a demand letter to Defendants via Federal Express mail.

46. Defendants failed to pay the appropriate wages within fifteen days of receipt.

47. Plaintiff now brings this lawsuit pursuant to the FLSA and Art. X, Sec. 24(e) of the Florida Constitution and seeks the following: injunctive relief, the recovery of the full amount of unpaid wages owed, liquidated damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper. Plaintiff hereby requests that all claims herein by tried by a jury of his peers.

48. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## Overtime

49. Plaintiff worked for Defendant from March 13, 2017 to November 11, 2017.

50. Plaintiff worked as a delivery driver.

51. Plaintiff was entitled to receive overtime compensation for all hours worked over forty (40) which should have been paid at a rate of one and one-half times his hourly rate of pay.

52. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

53. When Plaintiff worked overtime hours, he worked an average of 10 hours over 40 hours per week.

54. Plaintiff was not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek because of a systematic policy to not pay overtime premium.

55. Due to this pay policy or practice by the Defendant, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

56. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

57. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24**

58. Plaintiff reasserts his allegations set forth in Paragraphs 1-48 above and incorporate them by reference into this first Claim of Relief.

59. Defendant systematically and willfully did not pay Plaintiff the minimum wage to which he is entitled to under Florida law because Defendant did not provide reimbursements for driving-related expenses that were equal to the driving-related expenses occurred by Plaintiff.

60. Defendant should have utilized the standard IRS mileage rate for such vehicular expenses.

61. Under Florida law, Plaintiff is entitled to: injunctive relief, the recovery of the full amount of unpaid wages owed, liquidated damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper.

## COUNT II - DECLARATORY JUDGMENT, FLA. STAT. § 86.021

62. Plaintiff reasserts his allegations set forth in Paragraphs 1-48 above and incorporate them by reference into this Second Claim of Relief.

63. Because of Defendant's flagrant and systematic violation of Florida law, Plaintiff has an actual, practical and present need for a declaratory judgment as to the existence and definition of its kickback related rights under Florida law.

64. Under Fla. Stat. § 86.021, Plaintiff respectfully requests a declaratory judgment that Defendant's reimbursement rate for delivery drivers, coupled with their hourly wages, violates Florida law.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

66. Plaintiff regularly worked in excess of forty (40) hours per week.

67. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

68. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

69. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

70. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

71. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

72. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

73. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

74. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

75. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

76. Plaintiff demands a trial by jury.

77. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated this __29th__ day of January, 2020.

Respectfully submitted,
 s/ Louis Montone
Louis Montone, Esquire
Fla Bar No.: 0112096

Carlos V. Leach, Esq.
Fla. Bar No.:  540021

The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Phone: (407) 574-4999
Facsimile: (833) 423-5864
E-mail: lmontone@theleachfirm.com
E-mail: cleach@theleachfirm.com
*Attorneys for Plaintiff*
